## FLOYD MULLINAX v. STATE.

No. A-7815. Opinion Filed April 25, 1931.
Rehearing Denied July 28, 1931.
(1 Pac. [2d] 798.)

T. H. Davidson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county of assault with intent to kill and was sentenced to serve a term of two years in the state penitentiary.

The record discloses that at the time charged defendant and one Ira Martin engaged in a difficulty in which defendant fired six shots with a pistol, one shot of which barely grazed Martin and another struck him in the arm as he was attempting to escape from defendant. Just previous to the shooting, the parties had had an altercation due to the fact that on the previous day Martin, who was superintendent for their employer, had discharged defendant; from this circumstance a quarrel arose in which Martin struck defendant, which led to the shooting.

It is first contended that the evidence is not sufficient to sustain the judgment. This is based on the fact that

in the altercation between defendant and Martin, Martin first struck defendant. This did not justify defendant in using a deadly weapon. The jury evidently took the attitude of Martin into consideration in assessing the minimum punishment.

It is also argued that the court erred in excluding the testimony of the wife of defendant, but the record does not sustain the contention made. The wife of defendant was not called as a witness and no offer of her testimony made. In the opening statement of defendant's counsel, he stated what would be the testimony of the witness, to which objection was interposed and sustained. This was not followed up by calling the witness nor the making of any offer of proof. This court has repeatedly held that where competent evidence is excluded the record must affirmatively show an objection to the evidence was sustained, which must be followed by an offer of proof. Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021; Maloon v. State, 38 Okla. Cr. 34, 259 Pac. 173.

Some further complaint is made that the court erred in its instructions to the jury and erred in refusing a requested instruction. The instructions as a whole fully and fairly cover the law of the case and are as favorable to defendant as the law warrants. The requested instruction is substantially covered by the charge of the court.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.